# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:13-CR-251 |
| | § | |
| LARRY WAYNE THOMPSON | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On November 14, 2018, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Larry Thompson. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by federal public defender, Ken Hawk.

Defendant originally pled guilty to the offense of Failure to Register, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range based on a total offense level of 12 and a criminal history category of IV, was 21 to 27 months. On March 17, 2015, District Judge Amos Mazzant sentenced Defendant to 27 months imprisonment followed by 10 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, sex offender registration, participation in a sex offender treatment program, no contact with minors, pornography restrictions, and a search requirement. On November 10, 2015, Defendant's conditions of supervision were modified to include placement in a residential reentry center. On that same day, Defendant completed the term of imprisonment and began his term of supervised release, residing in a residential reentry center until April 1, 2016.[1]

---

[1] Defendant later had his conditions of supervision further modified to include computer and internet restrictions, mental health treatment, and participation in a program for treatment and testing of alcohol abuse.

Under the terms of supervised release, Defendant was required to refrain from the purchase, possession, or any contact with devices with photographic or internet capability. In its petition, the government alleges that Defendant violated his condition of supervised release by possessing an unauthorized cellular smartphone with internet and photo capability on September 13, 2018, admitting to using the phone to access the internet since March 2018, and creating a social media account.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing and using an unauthorized cellular phone with photo and internet capability, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties advised the Court that agreement had been reached to resolve the petition. Defendant agreed to plead true to the allegation referenced above. In exchange, the government recommended to the Court a term of imprisonment of three months with no supervised release to follow, which is below the advisory guideline range of 6 to 12 months.

In consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that a downward departure from the advisory guidelines is appropriate here. While on supervised release, Defendant has been in overall compliance with his sex offender counseling and seems unlikely to recidivate. Further, on the date of the hearing, Defendant was 80 years old and exhibited severe physical issues. Defendant is homebound and has no ability to drive a vehicle. Given his advanced age and deteriorating physical condition, the Court is of the opinion that it

would be best for Defendant to serve a short term of imprisonment and then attempt to move to another location where where he will have a better chance of finding those that will help to care for him.

Accordingly, the Court **RECOMMENDS** that Defendant Larry Thompson be committed to the custody of the Bureau of Prisons for a term of imprisonment of 3 months with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be Texarkana or Seagoville. It is further **RECOMMENDED** that Defendant self-surrender on **January 2, 2019, at 2:00 P.M**.

**So ORDERED and SIGNED this 14th day of November, 2018.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE